# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ELIJAH ZAKKA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case NO. 12-0656-CV-W-DWD-P |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
## AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Elijah Zakka, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 30, 2012, seeking to challenge his 2009 conviction and sentence for domestic assault in the first degree, which were entered in the Circuit Court of Jackson County, Missouri.

The petition raises one ground for relief: that trial counsel was ineffective for failing to negotiate a plea bargain with the state. Respondent contends that this ground is procedurally defaulted.

## SUMMARY OF THE FACTS

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 Motion, the Missouri Court of Appeals summarized the facts as follows:

> [Petitioner] was charged with a class A felony of domestic assault in the first degree n.1 in violation of section 565.072.
>
> > n.1 First-degree domestic assault is a class B felony unless "the actor inflicts serious physical injury on the victim or has previously pleaded guilty to or been found guilty of committing" first-degree domestic assault, in which case it is a class A felony. Section 565.072.2. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

> On May 12, 2009, [petitioner] accepted a plea offer and pleaded guilty to the charge in exchange for a recommendation for a twelve-year prison term. The trial court advised [petitioner] of his rights and determined that [petitioner] voluntarily, freely, and intelligently waived those rights. After questioning [petitioner], the trial court also concluded that [petitioner's] decision to plead guilty was made freely, voluntarily, and intelligently and that [petitioner] had not been forced to plead guilty. After making those determinations, the trial court accepted [petitioner's] guilty plea and sentenced him to twelve years incarceration.
>
> On June 18, 2009, [petitioner] timely filed a pro se Rule 24.035 motion. On March 3, 2010, appointed counsel timely filed an amended motion. [Petitioner's] amended motion argued, *inter alia*, that Manning was ineffective for failing to correctly advise [petitioner] of the terms of the State's offered plea. [Petitioner] alleged that Manning advised [petitioner] that he had secured a plea offer from the State that allowed [petitioner] to plead guilty to a class B felony of domestic assault in the first degree in exchange for a recommendation of no more than ten years. [Petitioner] claimed that he thereafter felt pressured to plead guilty to the class A felony in exchange for a twelve-year recommendation because: (1) "he did not want to go to trial;" (2) "he believed that counsel was not prepared to go to trial;" (3) "he felt intimidated and bullied by counsel;" and (4) "counsel had obviously done nothing [to] secure a plea offer or negotiate with the state."
>
> An evidentiary hearing was held on July 16, 2010, at which Manning and [petitioner] testified. The court denied relief, finding that allegations in [petitioner's] amended Rule 24.035 motion were not supported by facts or the record.

(Respondent's Exhibit F, pp. 2-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254

–2–

Case 4:12-cv-00656-DW   Document 13   Filed 11/27/12   Page 2 of 6

(e)(1).[1]  Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In his sole ground for relief, petitioner contends that trial counsel was ineffective for failing to negotiate a plea deal with the state.  Respondent correctly maintains that this ground is procedurally defaulted.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750.  Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986).  Coleman, 501 U.S. at 748-50.

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

–3–

A review of the record shows that petitioner raised the issues contained in Ground 1 in his Rule 24.035 post-conviction relief motion, but did not pursue it on appeal from the denial of that motion. "A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim . . . . Presenting a claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan, 54 F.3d at 1381.

In state court on appeal from the denial of his Rule 24.035 motion, petitioner argued that counsel was ineffective for misadvising petitioner that "if he pleaded guilty to the lesser-included charge of B felony first-degree domestic assault, the court would sentence him to no more than ten years imprisonment, instead of properly advising [petitioner] that under the plea agreement the state would agree to a 12-year imprisonment sentence if [petitioner] pleaded guilty as charged to A felony first-degree domestic assault." (Respondent's Exhibit B, p. 8). Petitioner further argued that he "was prejudiced, because he would not have pleaded guilty, but for the lack of knowledge that there was never any agreement for a plea to B felony first-degree domestic assault in exchange for a sentence of no more than ten years imprisonment." Id. In his federal petition, however, petitioner argues that "trial counsel made no effort to secure a plea agreement and gave false testimony at the Rule 24.035 Hearing." (Doc. No. 1, p. 6). Petitioner claims that counsel had

"fabricated claims to Petitioner about discussions with the Prosecutor, and had even sat down and drawn up an example on paper to deceive Petitioner into thinking he had been actively engaged in plea negotiations... when in fact he had not." Id. Because these allegations do not rely on the same facts and substance, petitioner procedurally defaulted Ground 1 by failing to include the claims on the appeal from the denial of his Rule 24.035 motion. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

Because petitioner's ground is procedurally defaulted, it may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner does not present any explanation for why this ground was not pursued on appeal from the denial of his Rule 24.035 motion and, therefore, has failed to demonstrate cause for his procedural default.[2] As a result, we do not consider prejudice. The Court, however, can still reach the merits of his claims if petitioner can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence. . . that was not presented at trial." Second, he must establish "that it is more likely than

---

[2] Because petitioner does not allege ineffective assistance of post-conviction counsel as cause for his procedural default, Martinez v. Ryan, 132 S. Ct. 1309 (2012) does not apply.

–5–

not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995). Petitioner fails to make this showing.

Petitioner has failed to show cause for his default of his sole ground for relief. He does not show that a manifest injustice will occur if this ground is not reviewed on the merits, and he has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of ground 1 is barred.

Ground 1 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

 /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,
Dated:   November 27, 2012.